SAYLES FINISHING PLANTS, INC.

GLENLYON PRINT WORKS DIVISION *vs.*

MARIO V. PANDOZZI.

JANUARY 22, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is an employer's petition to review a preliminary agreement entered into between the parties and approved by the director of labor under the workmen's compensation act, general laws 1938, chapter 300.   After a hearing in the superior court a final decree was entered granting the petition on the ground that the employee's incapacity had ended and ordering suspension of payments under the agreement.   From the entry of that decree the respondent duly prosecuted his appeal to this court.

In the preliminary agreement the date of the accident is stated to be March 7, 1952, the cause of injury as "Lifting Roll" and the nature and location of the injury as "Low back sprain."   Based on an average weekly wage of $50.40, compensation was fixed at $28 per week during the period of total incapacity.

In support of its petition, the petitioner by agreement presented medical reports of Dr. Ernest D. Thompson and Dr. Herbert E. Harris.   The respondent introduced two medical reports of Dr. A. A. Savastano, one dated March 10, 1952 and the other June 9, 1952, and the medical report of Dr. Joseph M. A. Parrillo which was originally filed with the director of labor.   There was also oral testimony of respondent and Dr. Parrillo, who treated him shortly after the accident and thereafter until the time of the hearing.

Doctor Thompson's report was dated May 17, 1952, nearly nine months before the trial.   His conclusion at that time was that respondent was totally disabled and that whatever disability he then had was on a functional basis.   He further

stated: *"I am not in a position to state that this patient is a malingerer."* (italics ours) The report of Dr. Harris dated December 11, 1952, less than two months before the court hearing, stated: "This patient was very uncooperative during the examination, and I believe that the loss of motion of his spine was voluntary on the part of the patient. He was a rather nervous type of individual. I do not feel that he has any orthopedic condition which would keep him from doing any kind of work."

The respondent testified that before the accident he suffered from a nervous condition which has become worse; that he was being treated by Dr. Parrillo once or twice a week; that exercise and heat treatments had been prescribed; and that he had been given pills for his nerves, but had not received any of such pills for the past eight months. He testified further that he had not attempted to secure employment but was willing to try a light job if he could get it. He insisted, however, that his back had not improved any since the injury, and apparently he considered that to be the important factor contributing to his incapacity.

Although Dr. Parrillo testified that respondent had been deferred from military service before the accident on account of an extremely nervous condition, neither he nor Dr. Savastano in their reports stressed the respondent's nervous condition. In fact Dr. Parrillo makes no reference to a nervous condition in his report and the disability referred to therein is predicated solely on an orthopedic basis.

Doctor Savastano, in his report of June 9, 1952, expressly disagreed with Dr. Thompson's impression that respondent is disabled as a result of a so-called anxiety reaction, and he stated therein: "As for his condition being *functional,* I do not share this opinion with Dr. Thompson. I do feel, however, that perhaps there is some apprehension on the part of the patient." (italics ours) That statement, however,

is far from an opinion that respondent's *disability* to which he referred in this report is in any way attributable to an anxiety neurosis. In fact his finding of disability, which was made about eight months before the hearing, is clearly based upon an orthopedic condition.

The respondent contends that, in the absence of testimony from a neurologist, there is no evidence in the record that respondent is not suffering from an anxiety neurosis, and that the case should be sent back to the superior court to determine whether there was such a neurosis and, if so, whether it is a consequence of and attributable to his injury.

We cannot agree with this contention. The issuable fact in the instant case was whether the incapacity of respondent due to his injury had ended or diminished. In our opinion there was conflicting medical evidence as to both his physical and his nervous condition or reaction. Therefore this is not a case where the trial justice misconceived the law and held that compensation should be ended solely because the nervous reaction of which respondent complained was not within the description of the injury as set forth in the preliminary agreement. On the contrary, it clearly appears in the record that the trial justice recognized the fact that respondent was entitled to continued compensation if he could show that he was suffering an incapacity from a neurotic condition arising out of and wholly attributable to the accident and injury specified in the preliminary agreement.

That the trial justice considered and rejected respondent's claim in this respect is indicated in his rescript in which he stated: "The respondent says he had a nervous condition before the accident and that the accident somewhat aggravated this condition. It appeared at the hearing that he has been under indictment which might reasonably have contributed to his nervousness. Respondent said he had received no medicine for his back for the last eight months." The trial justice further stated: "Dr. Parrillo indicated

that he did not think the nervous angle had much to do with the respondent's disability, but that he was disabled by the pain in his back, although he did not satisfy me that he had much to go on as to the existence of the pain except what the respondent told him." A careful analysis of the report of Dr. Parrillo and the two reports of Dr. Savastano clearly shows that in their opinion respondent's incapacity resulted solely from an orthopedic condition and that, at least by inference, they ruled out a claim of any anxiety reaction attributable to this accident and injury.

On the conflicting testimony, we are of the opinion that there was legal evidence, either direct or by reasonable inference, to sustain the finding of the trial justice that the incapacity of the respondent, whether physical or psychical, attributable to his injury, had ended.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Worrell & Hodge, Paul H. Hodge,* for petitioner.

*Edward I. Friedman,* for respondent.